UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN ZAWACKI,

        Plaintiff,

        v.                       Case No. 20-cv-0713-bhl

ROBERT PHILIP RICCO,

        Defendant.

## ORDER

    Plaintiff Dean Zawacki, representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 by filing a false police report against him. (ECF. No. 1.) The plaintiff has also filed two motions to proceed without prepaying the filing fee, (ECF Nos. 2, 11), a motion to amend his complaint, (ECF No. 13), and a motion to appoint counsel. (ECF No. 14). This order resolves his motions.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On May 26, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $37.70 by June 16, 2020. (ECF. No. 6.) The plaintiff paid the initial partial filing fee on June 24, 2020, but then on June 29, 2020 filed another motion, though on a different form, to proceed without prepaying fees or costs. (ECF No. 11.) The information in this motion is not substantively different than his first motion. As such, the Court will deny the second motion for leave to proceed without prepayment of the filing fee as unnecessary and grant the

1

plaintiff's first motion.  The Court will also allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## MOTION TO AMEND THE COMPLAINT

On July 27, 2020, the plaintiff filed a motion requesting to amend his complaint because he found out more information relevant to his case. (ECF No. 13 at 1.)  Federal Rule of Civil Procedure 15(a)(1)(B) states that "[a] party may amend its pleading once as a matter of course" any time before a responsive pleading is served.  In other words, the plaintiff did not need the court's permission to amend his complaint at this stage in the case as this will be his first amended complaint.  His motion is granted, and he will have **21 days** from the date of this order to file his amended complaint.  If he fails to do so by the deadline, the court will promptly screen his original complaint as required under the Prison Reform Litigation Act. 28 U.S.C. §1915A(a).

## MOTION TO APPOINT COUNSEL

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one.  *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).  "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'"  *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).  To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel.  *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019).

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel."  *Pennewell*, 923 F.3d at 490.  The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the

2

case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

With his motion, the plaintiff included three letters from lawyers declining to represent him, satisfying the first prong. (ECF No. 14-1.) Turning to the second prong, because the plaintiff is filing an amended complaint, and the Court has yet to screen the amended complaint, it is too early in the case for the Court to determine whether the plaintiff can adequately represent himself. Accordingly, the Court will deny the plaintiff's motion without prejudice. Once the plaintiff files an amended complaint, and if the amended complaint survives screening, the plaintiff may renew his motion to appoint counsel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's first motion for leave to proceed without prepaying the filing fee is **GRANTED**. (ECF. No. 2.)

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to proceed without prepaying the filing fee is **DENIED** as unnecessary (ECF No. 11.)

**IT IS FURTHER ORDERED** that the agency that has custody of the plaintiff must collect from his institution trust account the $312.30 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint is **GRANTED**. (ECF No. 13). The plaintiff has until **October 28, 2020** to file his proposed amended complaint. If he fails to file the proposed amended complaint by the above deadline, the Court will promptly screen his original complaint.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 14) is **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin this 7th day of October, 2020.

/s Brett H. Ludwig
Brett H. Ludwig
United States District Judge