UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEAN ZAWACKI,

        Plaintiff,

        v.                                                  Case No. 20-cv-0713-bhl

ROBERT PHILIP RICCO,

        Defendant.

---

## ORDER

---

Plaintiff Dean Zawacki, representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 by filing a false police report against him. (ECF No. 1.) On July 27, 2020, Zawacki filed a motion to amend the complaint but did not submit the amended complaint along with his motion. (ECF No. 13.) On October 7, 2020, the Court granted Zawacki's motion to amend the complaint and gave him until October 28, 2020 to file his amended complaint. (ECF No. 15.) Zawacki timely filed an amended complaint, (ECF NO. 17), and the Court now screens it.

### SCREENING THE AMENDED COMPLAINT

**A.    Federal Screening Standard**

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a

1

complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Allegations in the Complaint

The plaintiff alleges that defendant Robert Ricco gave a false statement to the Hales Corners Police Department on December 10, 2019. (ECF No. 17 at 1.) Ricco is a homeowner that contracted with Zawacki for some work on his house, and Zawacki alleges that Ricco falsely claimed that he "did Contractor Fraud" by stealing Ricco's money. (*Id.*) Zawacki alleges that Ricco was the one who actually broke the contract between them and advised him that "he was no longer allowed back at his residence." (*Id.*) Ricco's allegedly false statement was then given to Zawacki's parole officer, Kerri Olson, who used it in her revocation report, triggering a revocation hearing. (*Id.*) Ricco was also a witness at Zawacki's revocation hearing on May 19, 2020 and June 11, 2020, and according to Zawacki, lied under oath about Zawacki's contractor fraud. (*Id.*) As a result, Zawacki states that his parole was revoked, and he received 30 months in prison. (*Id.* at 1-2.) He seeks compensatory and punitive damages against Ricco for violation of his Eighth Amendment and Fourteenth Amendment rights. (*Id.* at 2.)

### C. Analysis

Zawacki names Robert Ricco, a homeowner and private citizen with whom Zawacki did business, as the sole defendant. Section 1983 requires a defendant to be acting under the color of

state law to be held liable for a constitutional violation. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000). As such, a private citizen such as Ricco "cannot ordinarily be held liable under Section 1983." *Id.* There are limited exceptions. First, a private citizen can be held liable under § 1983 where he or she "conspires with a state actor" to violate the plaintiff's constitutional rights. *Id.* In that instance, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individual(s) were willful participants in joint activity with the State or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Second, a private citizen may be liable where a government official made the private citizen a temporary government official. *Proffitt v. Ridgeway*, 279 F.3d 503, 507 (7th Cir. 2002).

Zawacki has not alleged that Ricco conspired with any sort of state actor.[1] His allegations indicate that Ricco, of his own volition, decided to make false statements to police and give false testimony at Zawacki's revocation hearing. While it is true that Ricco interacted with the police and that Zawacki's parole officer used Ricco's statement in her revocation report, nothing in Zawacki's complaint suggests that either the police or the parole officer conspired with Ricco to get Zawacki's parole revoked. He also does not allege that Ricco was acting as a temporary government official. Accordingly, Ricco cannot be held liable under §1983, and Zawacki fails to state a claim upon which relief can be granted. The Court dismisses this case.

## CONCLUSION

**IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of

---

[1] Zawacki uses the word "conspiracy" in his request for relief but offers no allegations to support a plausible theory of conspiracy sufficient to support a section 1983 claim against Ricco. *See Twombly*, 550 U.S. at 570 (while courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause or action or conclusory legal statements").

3

appeal within thirty days of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment.  The court cannot extend this deadline.  *See* Fed. R. Civ P. 6(b)(2).  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.  The court cannot extend this deadline.  *See* Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 18th day of November, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge

4

Case 2:20-cv-00713-BHL   Filed 11/18/20   Page 4 of 4   Document 21